## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SCHOOL-LINK TECHNOLOGIES, INC.,**

        **Plaintiff,**

        **v.**                    **Case No.  05-2485-JWL**

**APPLIED RESOURCES, INC.,**

        **Defendant.**

_____

## MEMORANDUM AND ORDER

In this lawsuit plaintiff School-Link Technologies, Inc. alleges that defendant Applied Resources, Inc. wrongfully used School-Link's proprietary and trade secret information. School-Link originally filed this lawsuit in the United States District Court for the Central District of California and the California court transferred the case to this court.[1]  This matter comes before the court on two related motions (docs. #31 & 35) in which School-Link asks the court to enforce a forum selection clause and transfer this case back to the Central District of California.  For the reasons explained below, the court will transfer this case back to the Central District of California.

_____

[1] Applied Resources' motion to dismiss (doc. #5) was rendered moot by the California court's ruling in which it transferred the case to this court in lieu of granting the motion to dismiss.  The clerk is directed to terminate this pending motion.

## BACKGROUND

The history of the parties' dispute concerning the venue of this case begins with a related case that was already pending in this district, *School-Link Technologies, Inc. v. Applied Resources, Inc.*, Case No. 05-2088-JWL (the '2088 case), at the time School-Link filed the current lawsuit in the Central District of California.   Details concerning the allegations and claims asserted in the '2088 case are discussed in a Memorandum and Order in that case dated July 1, 2005.  *See generally School-Link Techs., Inc. v. Applies Res., Inc.*, Case No. 05-2088-JWL, 2005 WL 1799259, at *1-*7 (D. Kan. July 1, 2005).   Briefly summarized, the parties' dispute in that case arises from an arrangement whereby Applied Resources supplied School-Link with personal access devices (PADs) and kiosks.   Applied Resources allegedly delivered most of the goods but then suddenly halted delivery on goods for which School-Link allegedly already had paid.   Applied Resources asserted counterclaims in which it alleged that it supplied kiosks to enable School-Link to bid on a large contract with the New York City Department of Education, but that when School-Link obtained the contract it reneged on its promise to use Applied Resources to supply the kiosks for the contract. School-Link asserted three claims against Applied Resources and Applied Resources asserted five counterclaims against School-Link.   Applied Resources' fifth counterclaim alleged that School-Link breached a Non-Disclosure and Confidentiality Agreement when it used Applied Resources' proprietary information to obtain the contract with the New York City Department of Education.   The court held that Applied Resources' fifth counterclaim (and only that claim) was subject to a valid, enforceable, and mandatory forum selection clause which required all

2

claims arising from the Non-Disclosure and Confidentiality Agreement to be brought in Los Angeles, California. *Id.* at *3. School-Link had asked the court to transfer the entire case to California solely on the basis of the parties' choice of forum with respect to the fifth counterclaim. Despite the enforceable forum selection clause as to the fifth counterclaim, the court denied the motion to transfer because the forum selection clause involved such a small aspect of the litigation and neither severance of that claim nor transfer of the entire case were warranted. *Id.* at *4-*6. In so ruling, the court noted that School-Link was arguably entitled to dismissal of Applied Resources' fifth counterclaim, but that the only relief School-Link was seeking at that time was transfer, not dismissal. *Id.* at *2 n.1. Weeks later on July 26, 2005, School-Link filed a motion asking the court to dismiss Applied Resources' fifth counterclaim based on the forum selection clause.

Meanwhile, while School-Link's motion to dismiss Applied Resources' fifth counterclaim was pending in this court and before this court's ruling on that motion, School-Link filed this separate lawsuit against Applied Resources in the Central District of California on June 30, 2005. School-Link's complaint in this lawsuit alleges that before the parties commenced discussions about Applied Resources serving as a vendor for certain custom School-Link components, they entered into a Non-Disclosure and Confidentiality Agreement in which Applied Resources promised to keep School-Link's proprietary information strictly confidential and to refrain from using that information other than for School-Link's benefit. During the course of their dealings, School-Link provided Applied Resources with access to its trade secret information. School-Link alleges that Applied Resources stole its ideas,

3

design, and know-how; used its proprietary information to build and launch its own product line; and misappropriated School-Link's confidential information by contacting and soliciting School-Link's customers and prospective customers.   School-Link asserts three claims against Applied Resources: (Count I) breach of Non-Disclosure and Confidentiality Agreement; (II) tortious interference with contractual rights and prospective economic expectancies; and (III) misappropriation of trade secrets.

On August 1, 2005, Applied Resources filed a motion to dismiss School-Link's case in California on the grounds that School-Link's claims constituted compulsory counterclaims which were required to be prosecuted, if at all, in the first-filed '2088 case in Kansas.  Applied Resources argued that this court had denied School-Link's motion to transfer Applied Resources' fifth counterclaim to California and accused School-Link of attempting to improperly circumvent this court's ruling denying School-Link's transfer request.  The minutes from a hearing on the motion to dismiss on September 6, 2005, reflect that the judge in the California case ruled that in lieu of granting the motion to dismiss he was sua sponte ordering the case transferred to this court.  This ruling was eventually memorialized in a written order dated October 14, 2005.  In that order, the California district court ordered that the case be transferred to this court and assigned to "Hon. Lungstrum and/or the same District Court judge presiding over the related pending action" in Kansas.

Turning back to the related, '2088 case which was originally filed in this court, on September 16, 2005, this court issued a Memorandum and Order which granted School-Link's motion to dismiss Allied Resources' fifth counterclaim.  *See generally School-Link Techs.,*

4

*Inc. v. Applied Res., Inc.*, Case No. 05-2088-JWL, 2005 WL 2269182, at *1-*3 (D. Kan. Sept. 16, 2005).  In so ruling, the court emphasized that its prior order

> only addressed the issue of the *propriety of transfer* due to the forum selection clause. . . . Additionally, the court wishes to clarify that its prior order was not intended to suggest that this court believes that all of the parties' claims should be decided here.  The current posture of the case is solely attributable to the fact that School-Link previously moved to transfer, not dismiss, Applied Resources' fifth counterclaim.  The parties are advised that, if the California case is ultimately transferred to this court, on motion from either party the court would likely transfer any aspects of that case that are subject to the forum selection clause back to California.

*Id.* at *2 (emphasis in original; footnote omitted).

On November 16, 2005, this court received the transfer of this case from the California court and the clerk's office assigned the case to the Hon. Carlos Murguia, U.S. District Judge. On January 9, 2006, Applied Resources filed an answer to School-Link's complaint and asserted a counterclaim which appears to be identical to the fifth counterclaim that was originally asserted in the '2088 case and which the court dismissed pursuant to the mandatory forum selection clause.

On January 11, 2006, School-Link filed a motion to consolidate the two cases "for pretrial venue determination" or, in the alternative, to transfer the case that was originally filed in California back to California (doc. #31).  In this motion, School-Link states that it is asking the court to consolidate this case with the '2088 case "for the limited purpose of expediting transfer to . . . California."  School-Link states that it is seeking consolidation solely for the limited purpose of facilitating the transfer of this case to the Central District of California and that it is not requesting consolidation of the case for trial or discovery.  Without actually ruling

5

on this pending motion, Judge Murguia issued an order reassigning this case to the undersigned judge on February 17, 2006.  Applied Resources did not file a response to the pending motion and the motion is now at issue.  To clarify the record regarding this motion, it is denied in its entirety.  It is denied insofar as School-Link seeks consolidation of the two cases for a pretrial venue determination because consolidation is not necessary and would unnecessarily complicate the record in the two cases.  The court can and will consider the record in the '2088 case to the extent that it is relevant without consolidating the two cases.  And, to the extent that School-Link seeks transfer of this case to the Central District of California, the motion is denied because this relatively brief and conclusory motion does not establish that transfer is warranted and, in any event, this aspect of the motion is rendered moot by the court's granting of School-Link's later-filed motion to transfer, discussed as follows.

On February 28, 2006, School-Link filed another motion to transfer this action back to the Central District of California (doc. #35).  Therein, School-Link argues that the court should enforce the mandatory forum selection clause requiring the claims in this lawsuit to be brought in Los Angeles, California.

## DISCUSSION

As a threshold matter, the court notes that the California court's decision to transfer the case is the law of the case.  Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  The principle is particularly applicable to

decisions regarding the transfer of a case from one federal court to another.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).  Otherwise, if a transferee court were free to revisit the transfer decision of a coordinate court, it would threaten to send litigants into "a vicious circle of litigation."  *Id.*  Consequently, the transferee court ordinarily should not reevaluate the transferor court's transfer order.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).  The transferee court may, however, reconsider the transferor court's transfer order if the governing law has been changed by a subsequent decision of a higher court, when new evidence becomes available, when a clear error has been committed, to prevent manifest injustice, *id.*, or if circumstances change so as to warrant retransfer, *see Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 365 (1966) (noting the parties could apply for retransfer based on "changed conditions"); *see also* 15 Charles Alan Wright et al., Federal Practice & Procedure § 3846, at 361-62 (2d ed. 1986) ("A motion to retransfer is perfectly appropriate . . . on a showing of changed circumstances.").

In this case, changed circumstances warrant reconsideration of whether this case should proceed in this court or in the Central District of California.  Changed circumstances warrant retransfer when "unanticipatable post-transfer events frustrate the original purpose for transfer."  *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983).  When this occurs, reconsideration of the transfer order does not place the transferee court in the position of reviewing the transferor court's decision.  *See id.*  Instead, it simply represents "a decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order."  *Id.* (emphasis in original).  Although the record does not reflect the

7

rationale for the California district court's transfer order, the only plausible justification for its decision was that the claims School-Link asserted in this case were compulsory counterclaims to Applied Resources' fifth counterclaim which was at that time[2] pending in the '2088 case in this court and that Applied Resources' fifth counterclaim in the '2088 case was the first filed as among the parties' claims relating to the Non-Disclosure and Confidentiality Agreement.    Applied Resources had argued in the motion to dismiss that it filed in the California district court that School-Link's claims in this case are compulsory counterclaims to Applied Resources fifth counterclaim which was at that time pending in the '2088 case because all of the claims arose out of the same transaction or occurrence; they all arose from alleged breaches of the Non-Disclosure and Confidentiality Agreement and involved allegations of misappropriation of trade secrets or other proprietary information.    Because Applied Resources' fifth counterclaim was the first-filed among the parties' claims pertaining to the Non-Disclosure and Confidentiality Agreement, the California district court must have elected to apply the first-to-file rule and allow the claims to proceed in Kansas.   But this court subsequently dismissed the fifth counterclaim in the '2088 case, thus undercutting the original purpose of the transfer because there is no longer a "first-filed" claim pending in the '2088

---

[2] To be sure, the counterclaim was still pending at the time the California district court sua sponte ruled that it would transfer the case in lieu of granting Applied Resources' motion to dismiss.   This court then dismissed the fifth counterclaim from the '2088 case *before* the California district court entered its written order transferring the case.   It appears, however, that the written order, which consisted only of the judge signing off on the parties' proposed order, simply served to memorialize the oral ruling that the judge had already issued while the fifth counterclaim was still pending in the '2088 case in this court.

8

case.  Thus, this court will consider anew the issue of whether this case should proceed in this court or the Central District of California.

A motion to transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *Id.*  A valid and applicable forum selection clause is "a significant factor that figures centrally in the district court's calculus" in evaluating a motion to transfer.  *Stewart*, 487 U.S. at 29; *accord Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 697 (8th Cir. 1997).  The forum selection clause at issue in this case is contained in the Non-Disclosure and Confidentiality Agreement.  It provides that "[a]ny and all actions, claims or lawsuits arising from this Agreement are to be brought in Los Angeles, California."  Just as this court decided in the '2088 case, the court finds that this forum selection clause is mandatory rather than permissive.  "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum" whereas "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."  *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002) (quotations omitted).  In this case, the forum selection clause contains clear language showing that venue is appropriate only in California.  It states: "*Any and all* actions, claims or lawsuits arising from this Agreement *are to be brought* in Los Angeles, California."  (Emphasis added.)  The italicized words are language of exclusivity that prohibit litigation anywhere other than in California.  Therefore, this is a mandatory forum

9

selection clause.  *See, e.g.*, *Phillips v. Audio Active Ltd.*, Case No. 05 Civ. 897, 2005 WL 3309652, at *2 (S.D.N.Y. Dec. 6, 2005) (dismissing case for improper venue because of mandatory forum selection clause stating that "any legal proceedings that may arise out of [the agreement] are to be brought in England"); *Abreu v. Family Shipping & Serv.*, Case No. 00-CV-0284, 2000 WL 516565, at *1-*2 (E.D.N.Y. Mar. 6, 2000) (transferring case to New Jersey based, in part, on enforceable forum selection clause stating that "all disputes . . . are to be brought in . . . New Jersey").

Turning to the issue of which claims fall within the scope of the forum selection clause, by its plain language the clause applies to actions, claims, or lawsuits that arise from the Non-Disclosure and Confidentiality Agreement.  All of the claims asserted in this case "arise from" the Non-Disclosure and Confidentiality Agreement, at least to some degree.   In Count I, School-Link alleges that Applied Resources breached the agreement.  In Count II, School-Link alleges that it entrusted Applied Resources with knowledge and details of School-Link's customers (the Non-Disclosure and Confidentiality Agreement defined "Proprietary Information" to include "customer names and other information related to customers") and that Applied Resources capitalized on this information by attempting to induce School-Link's customers to do business with Applied Resources rather than School-Link.   In Count III, School-Link alleges that Applied Resources misappropriated School-Link's trade secret information, which is presumably information to which Applied Resources would not have been allowed access in the absence of the Non-Disclosure and Confidentiality Agreement.  And, Applied Resources' counterclaim, which alleges that School-Link breached the Non-

10

Disclosure and Confidentiality Agreement, clearly arises from that agreement. Consequently, all of the parties' claims in this case are subject to the forum selection clause. Applied Resources noticeably does not argue to the contrary. Consequently, this valid, enforceable, and mandatory forum selection clause weighs heavily in favor of transfer.

The court must assess the convenience of the forum "given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power." *Stewart*, 487 U.S. at 29. A forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31.[3] The court should consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

---

[3] School-Link argues (briefly) that the court should enforce the forum selection clause and transfer the case back to California independent of the other § 1404(a) factors. As the court explained in its prior orders in the '2088 case, however, that particular legal standard applies when a party is requesting *dismissal* of the claims subject to the forum selection clause. Where, as here, a party is requesting *transfer* of the claims subject to the forum selection clause the Supreme Court's holding in *Stewart v. Ricoh* instructs the court to consider the forum selection clause along with weighing the other § 1404(a) factors. The court's prior orders in the '2088 case should have made it obvious to School-Link that this argument has absolutely no merit.

11

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quotation omitted).  The plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant.  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

In this case, Applied Resources has not discussed any of the § 1404(a) factors of convenience and fairness.  Instead, Applied Resources asserts three arguments, all of which are inapposite because they are premised on its apparent misunderstanding of the fact that this case and the '2088 case are not consolidated nor have they ever been.  For example, Applied Resources argues that the law of the case doctrine requires the court to deny School-Link's motion to transfer because this court previously denied School-Link's motion to transfer in the '2088 case.  Because the cases are not consolidated, however, the court's previous rulings in the '2088 case are not the law of *this* case.  Furthermore, the logic underlying those rulings does not apply equally to this case in which all of the claims are premised on each party's alleged misuse of the other party's confidential and proprietary information.  Applied Resources also contends that School-Link waived the right to enforce the forum selection clause when it filed suit in this court.  But of course School-Link actually filed this lawsuit in California, not Kansas.  And, Applied Resources contends that School-Link is estopped from seeking to transfer the case from the venue it chose.  Again, this argument is misplaced because School-Link filed this lawsuit in California, not this court.  Given the weight that must be given to School-Link's original choice of forum (the Central District of California) combined with the forum selection clause and the absence of any § 1404(a) argument from

12

Applied Resources to the contrary, then, the court is persuaded that considerations of convenience and fairness warrant retransfer of this case to the Central District of California.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Transfer Action (doc. #35) is granted.   The clerk is directed to retransfer this case back to the United States District Court for the Central District of California.

**IT IS FURTHER ORDERED** that Applied Resources' Motion to Dismiss (doc. #5) which was originally filed in the California court is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate for Pretrial Venue Determination or, in the Alternative, to Transfer Action (doc. #31) is denied in its entirety, and in part as moot.

**IT IS SO ORDERED** this 20th day of April, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

13